Mark P. MAURIN, Plaintiff–Appellant,

v.

**PORT OF SEATTLE, Defendant–Appellee.**

No. 00–35970.

D.C. No. CV–99–01675–MJP.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001 *.

Decided Dec. 27, 2001.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

### MEMORANDUM **

Mark P. Maurin appeals pro se the district court's grant of summary judgment dismissing his 42 U.S.C. § 1983 action alleging that the Port of Seattle (the "Port") violated his Fourth Amendment rights when it subjected him to random breathalyzer tests to determine his blood alcohol level. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, after de novo review, *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1050 (9th Cir.1999) (en banc), we affirm.

United States Department of Transportation ("DOT") regulations require that all covered employers conduct random tests to determine the blood alcohol level of employees who either are or may be required to drive commercial motor vehicles. *See* 49 U.S.C. § 31306(b); 49 C.F.R. § 382.305(m); *id.* § 382.107 (defining "driver" and the "performing" of a "safety-sensitive function").

Maurin does not contend that the DOT regulations mandating the random alcohol tests are facially unconstitutional, *see, e.g., Nat'l Treasury Employees Union v. Von Raab*, 489 U.S. 656, 677, 109 S.Ct. 1384, 103 L.Ed.2d 685 (1989), but rather that the tests were unconstitutionally administered to him. Maurin's contention lacks merit.

It is undisputed that as part of his job with the Air Field Crew of the Maintenance Department at the Seattle–Tacoma International Airport, Maurin held a Commercial Drivers License and was required to be available at all times to operate a commercial motor vehicle. Thus, the random breathalyzer tests were appropriate because Maurin was engaged in a safety-sensitive function at the time the tests were administered. *See* 49 C.F.R. § 382.305(m); *id.* § 382.107.

Maurin's remaining contentions are without merit.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

